WOOD CRAPO LLC
Mary Anne Q. Wood #3539
Richard J. Armstrong #7461
Stephen Q. Wood #12403
60 E. South Temple, Suite 500
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061

*Attorneys for Plaintiff AMDS Holdings, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| AMDS HOLDINGS, LLC, a Delaware limited liability company, | ) ) ) | ***COMPLAINT*** |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 2:09-cv-766 |
| STEPHEN R. JENSON, an individual; and MARC S. JENSON, an individual; NIMBUS CAPITAL PARTNERS, LLC, a Utah limited liability company, | ) ) ) ) | Magistrate Judge Brooke C. Wells |
| Defendants. | ) ) | |

Plaintiff AMDS Holdings, LLC ("AMDS"), by and through its counsel, hereby complains of Defendants Stephen R. Jenson, Marc S. Jenson and Nimbus Capital Partners, LLC ("Nimbus") (collectively "Defendants") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff AMDS is a Delaware limited liability company whose principal place of business is in New York City, New York.   AMDS is wholly-owned by Archimedes Holdings, LLC, a Delaware limited liability company.

2.      Defendant Stephen R. Jenson is an individual who resides in Utah and is a citizen of Utah.

3.      Defendant Marc S. Jenson is an individual who purports to be a citizen of the State of Idaho.   Marc Jenson was a Utah citizen at the time these claims arose and continues to conduct business in the State of Utah.

4.      Defendant Nimbus is a Utah limited liability company which is wholly owned by Marc Jenson.

5.      Marc Jenson, Stephen Jenson and Nimbus signed certain guarantee documents dated October 2, 2006.   Marc Jenson and Stephen Jenson signed certain continuing guarantees dated October 26, 2006.   Copies of these documents are attached to this Complaint and incorporated herein by this reference as Exhibits A, B, C, D, and E, respectively.   These guarantees guarantee the repayment of loans secured by mortgages on property located in Utah and Idaho.

6.      Subject matter jurisdiction and venue are proper in this Court because there is complete diversity between the citizenship of the Plaintiff and the Defendants and because the amount in controversy exceeds Seventeen Million Dollars ($17,000,000.00).

7.      This Court has personal jurisdiction over the Defendants because the Defendants are or have resided in the State of Utah and are conducting business in the State of Utah.

## BACKGROUND

8.      AMDS incorporates the allegations of paragraphs 1 through 7 above.

9.    Mount Holly Partners, LLC ("MHP") was previously, the owner of certain real property in Beaver County, Utah, consisting of the "Elk Property," the "Silverton" Parcel, the "Puffer" Parcel and other adjoining or related parcels.    These parcels were acquired by MHP for purposes of developing a ski/golf luxury home resort community known as the Mount Holly Club (the "Mt. Holly Project").

10.    Ares Funding, LLC ("Ares"), MHU Holdings, LLC ("MHU") and CPB Development, LC ("CPB") are the sole members of MHP.

11.    CPB (the predecessor in interest to MHP) and SFNM-Saddleback, LLC, a Nevada limited liability company ("Saddleback") entered into a Loan Agreement dated October 2, 2006 (as amended and supplemented), pursuant to which Saddleback made a loan to CPB in connection with the acquisition of parcels for, and financing and development of, the Mt. Holly Project.

12.    The indebtedness under the Loan Agreement is evidenced by a Trust Deeds and Notes in the original principal amount of Ten Million Five Hundred Thousand and 00/100th Dollars ($10,500,000.00) made by CPB in favor of Saddleback, dated as of October 2, 2006.

13.    The Trust Deeds and Notes were subsequently amended to increase the amount owed on the principal amount under the Loan Agreement to not less than Twenty-One Million Dollars ($21,000,000.00), plus interest, extension fees, and attorney fees.

14.    Repayment of the Loan Agreement was secured by, among other things, (i) a Trust Deed with Assignment of Rents between CPB, as trustor, in favor of U.S. Title Insurance Agency ("US Title"), as trustee and Saddleback, as Beneficiary, dated September 29,

2006 and recorded on October 12, 2006 in the Official Records of Beaver County, Utah as

Instrument No. 228656 in Book 396 at Page 514 with a principal indebtedness of $10,500,000;

as amended by a Modification of Trust Deed by and between CPB, as trustor, in favor of US

Title and Saddleback, as Beneficiary, dated October 26, 2006 and recorded on November 1, 2006

in the Official Records of Beaver County, Utah as Instrument No. 228909 in Book 397 at Page

301 increasing the principal indebtedness to $19,000,000, as assigned to Well Fargo Bank

Northwest, NA ("Trustee") pursuant to an Assignment of Trust Deed recorded on November 1,

2007 as Instrument 234437 in Book 414 at page 464; and as assigned back to Saddleback

pursuant to an Assignment of Trust Deed recorded on October 31, 2008 as Instrument 238256 in

Book 429 at page 256; and as assigned to AMDS pursuant to an Assignment of Trust Deed

recorded on October 31, 2008 as Instrument 238259 in Book 429 at Page 268 ("First Trust

Deed"); (ii) a Trust Deed with Assignment of Rents between CPB, as trustor, in favor of US

Title, as trustee and Saddleback, as Beneficiary, dated October 2, 2006 and recorded on October

12, 2006 in the Official Records of Beaver County, Utah as Instrument No. 228657 in Book 396

at Page 524 to secure an principal indebtedness of $2,000,000; and as assigned to AMDS

pursuant to an Assignment of Trust Deed recorded on October 31, 2008 as Instrument 238258 in

Book 429 at Page 280 ("Second Trust Deed"); (iii) a Trust Deed with Assignment of Rents

between Marc Jenson, as trustor, in favor of US Title, as trustee and Saddleback, as Beneficiary,

dated October 1, 2006 and recorded on October 12, 2006 in the Official Records of Blaine

County, Idaho as Instrument No. 540656 to secure an initial indebtedness of $10,500,000; and as

assigned to AMDS pursuant to an Assignment of Trust Deed recorded on October 31, 2008 as

Instrument 562616; ("Third Trust Deed"; together with the First Trust Deed and the Second

Trust Deed, the "Trust Deeds", or each individually, a "Trust Deed"); and (iv) those certain Guaranty Agreements and those certain Continuing Guaranty Agreements each made by Guarantors in favor of Saddleback on or about October 2, 2006 and October 26, 2006, respectively (the "Guarantees").

15.    The First Trust Deed and Second Trust Deed encumbered certain real property described therein otherwise known as Elk Meadows in Beaver County, Utah (the "Elk Property").

16.    The Third Trust Deed encumbers the following real property in Blaine County, Idaho "Lot 2A of Replat of Block 89 Ketchum Townsite, according to the official plat recorded as Instrument No. 303379, records of Blaine County, Idaho" at 480 North Walnut Avenue, Ketchum, Idaho 83340, Tax Parcel Number K0000089002A ("Ketchum Property").

17.    The Loan Agreement, Notes, Trust Deeds, Guarantees and all other documents evidencing or securing the Loan or executed in connection therewith, as modified, are hereinafter collectively referred to as the "Loan Documents" are incorporated herein by this reference.

18.    Pursuant to an Assumption Agreement dated as of December 15, 2006, by and between CPB and Mount Holly Club, LLC ("MHC"), and an Assumption Agreement dated as of December 18, 2006, by and between MHC and MHP, MHP is the "Borrower" under the Loan Documents.

19.    Pursuant to an Agreement for Purchase and Sale of Loan Interest, dated as of October 27, 2008, by and between Saddleback and AMDS, Saddleback assigned all of its

rights under the Loan Documents for valuable consideration to AMDS, and AMDS is the "Lender" under the Loan Documents.

20.    MHP has defaulted under the terms of the Loan Documents by, among other things, failing to pay amounts due to AMDS pursuant to the Loan Documents in accordance with the terms of the Loan Documents.

21.    On December 31, 2008, AMDS recorded a notice of default in the official records of Beaver County, Utah in respect of the First Trust Deed and the Second Trust Deed, and on December 30, 2008 recorded a notice of default in the official records of Blaine County, Idaho in respect of the Third Trust Deed.

22.    On May 27, 2009, AMDS completed foreclosure proceedings with regard to the First Trust Deed and Second Trust Deed, and, on June 5, 2009, AMDS completed foreclosure proceedings with regard to the Third Trust Deed (together, the "Foreclosures").   As a result of such Foreclosures, AMDS is now the record, legal and beneficial owner of the Property.   To acquire title to the property, AMDS credit bid Fifteen Million Dollars ($15,000,000.00) on the Elk Meadows property and One Million Dollars ($1,000,000.00) on the Ketchum Property.   The fair market value of Marc Jenson's interest in the Ketchum Property on the date of the foreclosure sale was Five Hundred Thousand Dollars ($500,000.00).

23.    One piece of the Elk Meadows property known as Unit 18 Wooded Ridge Condo ("Unit 18") was not included in the foreclosure sale.   However, a notice of default has been recorded.   This Complaint will be amended to include the proceeds of the sale of Unit 18 when the sale occurs.

24.    On July 9, 2009, MHP filed a Petition for Bankruptcy under Chapter 11 in federal court under bankruptcy case 09-27185 (the "Bankruptcy").

25.    Notwithstanding the Foreclosures and credit bids, additional amounts are due and payable to AMDS pursuant to the terms and conditions of the Loan Documents.

26.    After applying all credits and the fair market value of the properties foreclosed upon, AMDS is still owed in excess of Seventeen Million Dollars ($17,000,000.00).

27.    Defendants are liable to AMDS for this deficiency pursuant to the Guarantees.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

28.    AMDS incorporates the allegations of paragraphs 1 through 27 above.

29.    The Guarantees constitute enforceable contracts.    The execution and delivery of the Guarantees was a condition to and consideration for Saddleback's willingness to make the Loans to CPB.

30.    Defendants received a significant benefit from Saddleback making the Loans.

31.    Defendants absolutely, primarily and irrevocably guaranteed payment and performance of all obligations to Saddleback.    Saddleback legally assigned its rights under the Loan Documents and Guarantees to AMDS.

32.    Despite demand, the guaranteed obligations have not been paid.

33.    The collateral securing the obligations has been liquidated, and there remains a deficiency in the amount of at least Seventeen Million Dollars ($17,000,000.00) owing to AMDS.

7

34.    Therefore, Defendants are liable to AMDS for the amount of any deficiency representing the amount of unpaid obligations under the Loan Documents, less the fair market value of the collateral on the date of the foreclosure sale, plus costs and interest as provided for in the Loan Documents and Guarantees.

## SECOND CAUSE OF ACTION
### (Attorney Fees)

35.    AMDS incorporates the allegations of paragraphs 1 through 34 above.

36.    Pursuant to the terms of the Loan Documents, Defendants are liable to AMDS for attorney fees for their efforts to collect the unpaid deficiency.

37.    AMDS therefore demands that this Court award AMDS the deficiency under the Loan Documents and interest and attorney fees in an amount to be proven at trial.

## WAIVER OF JURY TRIAL

38.    Pursuant to the terms of the Guarantees, Defendants have waived any right to a jury trial.

WHEREFORE, AMDS requests that it be granted a judgment in an amount of not less than Seventeen Million Dollars ($17,000,000.00), plus costs, interest and attorney fees and such other relief the Court deems proper.

DATED this 27th day of August, 2009.

WOOD CRAPO LLC


By____s/Mary Anne Q. Wood_____
      60 E. South Temple, Suite 500
      Salt Lake City, Utah 84111
      Telephone: (801) 366-6060

      *Attorneys for Plaintiff AMDS Holdings, LLC*

Plaintiff's address:

24 West 40th Street, 2nd Floor
New York, NY    10018